### 65884. HUGGINS et al. v. STANDARD FIRE INSURANCE COMPANY.

BANKE, Judge.

Appellant Jessie Huggins was severely injured when his hand and arm were drawn into the rollers of a paper manufacturing machine during the course of his employment with Austell Box Board Corporation. He and his wife sued the employer's insurance company to recover damages for the latter's alleged negligence in conducting safety inspections at the plant. This is the second appeal of the case to this court. In *Huggins v. Aetna Cas. &c. Co.,* 151 Ga. App. 377 (259 SE2d 742) (1979), we affirmed a grant of summary judgment to the insurance company based on the absence of any evidence that Huggins had relied on the insurer's safety inspections. That decision was reversed by the Supreme Court, which held that "reliance by either the employee or the employer on [the insurer's] inspections is sufficient to give rise to a cause of action in tort for negligent inspection by the [insurer] . . ." *Huggins v. Aetna Cas. &c. Co.,* 245 Ga. 248 (264 SE2d 191) (1980). At the subsequent trial of the case, the insurer moved for and was awarded a directed verdict at the close of the appellants' evidence. This appeal followed.

The accident occurred in June of 1975, and it is undisputed that an agent of the insurer had made safety inspection visits to the plant in March and May of that year. There was evidence that the type of injury suffered by Huggins could easily have been prevented by the

installation of a trip wire or photo-electric cut-off mechanism in front of the rollers; however, the need for such a mechanism was not perceived by the inspector, who testified that he did not recognize any condition at that end of the machine which he considered to be unsafe. *Held:*

In reversing the grant of summary judgment to the insurer in this case, the Supreme Court adopted § 324A of the Restatement 2d Torts, which provides as follows: "Liability to Third Person for Negligent Performance of Undertaking. One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking." *Huggins v. Aetna Cas. &c. Co.,* supra, 245 Ga. at 249.

According to the official comment which follows § 324A, subparagraph (a) of the section applies only in those situations where the actor's negligent performance of his duty or undertaking exposes the injured person to a greater risk of harm than had existed previously. See *Argonaut Ins. Co. v. Clark,* 154 Ga. App. 183, 185 (267 SE2d 797) (1980). The official comment limits the application of subparagraph (b) to those situations where the alleged tortfeasor's performance is to be substituted completely for that of the party on whose behalf the undertaking is carried out. See *Argonaut Ins. Co.,* supra, at 185-186. It is not contended by the appellants that either of these categories encompasses the facts of this case. The insurer's alleged liability is instead predicated on subparagraph (c), which, as previously indicated, requires proof of actual reliance by either the employee or the employer on the insurer's undertaking. In addition, of course, it must be shown that such reliance was the proximate cause of the employee's injuries.

In *Argonaut Ins. Co. v. Clark,* supra, this court ruled that the crux of an action against an insurer for negligence in making safety inspections is proof "that there was an *unsafe and concealed condition* on the premises of which the safety inspector possessed or should have possessed a superior knowledge as a result of his inspections." (Emphasis supplied.) Accord, *Cleveland v. American Motorists Ins. Co.,* 163 Ga. App. 748 (295 SE2d 190) (1982). We accordingly held in *Argonaut* that an employee injured as the negligent result of the manner in which a front end loader/back hoe was being operated on a particular occasion was not entitled to

recover against an insurer whose safety inspector was not present at the time and had not previously seen the equipment being operated in this manner. Similarly, in *American Mut. Liability Ins. Co. v. Jones,* 157 Ga. App. 722 (278 SE2d 410) (1981), stating that "one with superior actual knowledge of a fact and of the significance of that fact is not in a position to assert reliance on another to discover the fact or its significance," we ruled that a verdict against an insurer could not stand in the face of undisputed evidence that both the employee and the employer were aware of the existence of the condition which gave rise to the injury. *Id.* at 722. Accord, *Mimms v. Travelers Ins. Co.,* 156 Ga. App. 889 (275 SE2d 825) (1981).

There is no evidence in the case before us now which would support an inference that the insurer had superior knowledge of the danger presented by the absence of a device to stop the exposed rollers in the event a person became caught in them. Rather, it appears beyond question that both the existence and the significance of the alleged defect were openly apparent to anyone familiar with the operation of the machine. It follows that a jury would not be authorized to find that Huggins' injuries were caused either by his reliance or that of his employer on the insurer's safety inspections. Thus, the trial court did not err in granting the insurer's motion for directed verdict.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 17, 1983 —
REHEARING DENIED APRIL 29, 1983 — 

*Peter M. Blackford, Luke Frank Gore,* for appellants.
*Daryll Love, John A. Gilleland,* for appellee.