## A03A1261. McCASKILL v. CARILLO.
### (589 SE2d 582)

ANDREWS, Presiding Judge.

Fred Carillo, Sr. (Carillo), injured as a result of tripping at his workplace, sued Foster Thomas McCaskill III (McCaskill) d/b/a Flooring Solutions, who was in the process of installing carpet tiles for Carillo's employer, Compaq. We granted McCaskill's application for interlocutory appeal to consider the trial court's denial of his motion for summary judgment. Concluding that he was entitled to summary judgment for the reasons set out below, we reverse.

On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant. *Blue Cross &c. of Ga. v. Kell,* 227 Ga. App. 266, 267 (1) (488 SE2d 735) (1997); *Matjoulis v. Integon Gen. Ins. Corp.,* 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in this light, the evidence shows that Carillo was the southeast district service manager for Compaq and worked in an office on the main floor of its office building. He had been with Compaq since February 1998, and had been in this particular office for over a year when he fell on December 27, 1999.

Carillo was aware that the area around his office and the area adjoining the restroom he used were being recarpeted. Carillo knew that, between Thanksgiving and the day of his accident, he had seen workmen in the area, although he believed most of the carpet work was being done after normal business hours. On the day of his fall, the hallways in his area had been recarpeted while the area in front of the entrance to the restroom had not and was bare concrete floor. Carillo stated that he tripped over the lip of carpet outside the men's room where the carpeted area met the uncarpeted area. As Carillo described his fall, "[w]hen I came out of the restroom I tripped on the carpet. . . . And I think I caught my left foot on it, and the force of that it threw me forward into . . . a cubicle [wall] that kind of broke my fall." He began experiencing pain down his right leg about 30 minutes later. Carillo underwent a laminectomy in October 2000, and a disc fusion in November 2001.

Carillo believed that the hallway area in front of the men's room had been carpeted for at least a couple of weeks and the area in front of the men's room had been without carpet for as long as a week

before he fell. Carillo had worked those days during the week the area in front of the men's room remained uncarpeted.

On Monday, December 27, 1999, Carillo walked from his office to the men's room and entered without any problem. He admitted that, prior to his fall, he had been in and out of the men's room at least once with the floor in the same condition as when he fell. This time, as he left the men's room, Carillo tripped on the three-eighths-inch difference in height between the carpeted and uncarpeted areas.

McCaskill operated a sole proprietorship, Flooring Solutions, and had a written contract with general contractor Collins & Aikmen to install carpet at Compaq. Collins & Aikmen was responsible for providing McCaskill with carpet and McCaskill was responsible for installation of the carpet in connection with Compaq's year-long renovation. McCaskill orally subcontracted the bulk of the installation to individuals, although he did some installation himself. All of the work was done under the direction of Compaq employees Knight or Hunt. Ponce, one of McCaskill's subcontractors, had his own crew and used his own installation materials on the Compaq job and performed the bulk of the installation. Ponce's signatures are on the Pre-Carpet Inspection and Check-List forms used by Compaq for the period December 18, 1999, to January 4, 2000. These forms, used to document what McCaskill's crew moved from office spaces, were not used for hallway work because nothing was required to be moved.

Collins & Aikmen ran out of carpet squares during the Christmas holidays, resulting in areas of bare concrete in the Compaq offices for about a week, which was acceptable to Compaq. When the shortage occurred, McCaskill suggested to Compaq that the edge of the carpeting be taped, but Compaq decided that might present more of a hazard than the edge of the carpet meeting bare floor.

Carillo originally sued McCaskill under OCGA § 51-3-1, but later amended his complaint to allege simple negligence.

1. McCaskill's third enumeration is that the trial court erred in not granting him summary judgment based on his status as an independent contractor. We agree.

> Where an independent contractor or supplier properly executes the directions of the owner, only the owner, not the contractor or supplier, may be liable for injury to a third party resulting therefrom. See *David Allen Co. v. Benton*, 260 Ga. 557, 558 (398 SE2d 191) (1990); *Russell v. Cynwid Investments*, 142 Ga. App. 410, 411 (236 SE2d 147) (1977).

*Whatley v. Nat. Svcs. Indus.*, 228 Ga. App. 602, 606 (2) (492 SE2d

343) (1997) (physical precedent only). See also *R & S Farms v. Butler*, 258 Ga. App. 784, 786 (575 SE2d 644) (2002).[1]

There is no evidence here that McCaskill's installation of the carpet was not in compliance with his contract with Collins & Aikmen and Collins & Aikmen's contract with Compaq or industry standards for installing carpet. Further, Compaq was in day-to-day control of the phasing of McCaskill's work, was aware that McCaskill had run out of carpet squares, and was aware and approved of leaving areas of the workplace containing bare concrete abutting installed carpet squares until more carpet squares could be obtained.

McCaskill was entitled to summary judgment for these reasons on Carillo's claims.

2. To the extent that Carillo's complaint set out a simple negligence claim, as argued by McCaskill in his second enumeration, the "mere existence or maintenance of a difference in floor levels or of steps in a business building does not constitute negligence. [Cits.]" (Punctuation omitted.) *Bramblett v. Earl Smith Floors*, 227 Ga. App. 296, 297 (488 SE2d 766) (1997). E.g., *Wilson v. Duncan*, 211 Ga. App. 814 (440 SE2d 550) (1994).

McCaskill was entitled to summary judgment on this basis also because Carillo's only claim was that he tripped on the three-eighths-inch-thick carpet square which had been properly glued to the floor, and this difference in height could not constitute negligence. Id.

3. McCaskill's third enumeration is that, even considering Carillo's claim under a premises liability theory, neither he nor the owner would be liable because Carillo had equal knowledge of the claimed "defect." We need not consider this enumeration, however, because McCaskill had no duty as an owner/occupier and, as a matter of law, as held in Division 2, there was no negligence based on the difference in height between the carpet square and bare concrete.

*Judgment reversed. Barnes and Adams, JJ., concur.*

DECIDED OCTOBER 14, 2003 —
RECONSIDERATION DENIED NOVEMBER 5, 2003.

*Francis C. Schenck*, for appellant.
*Ezor & Olens, Samuel S. Olens, Swift, Currie, McGhee & Hiers, Kenneth A. David, Michael R. Martin, William H. Buckley*, for appellee.

---

[1] Not applicable here are the exceptions to this general rule: where the completed work is inherently dangerous, a nuisance per se, or so defective so as to be imminently dangerous. *David Allen Co.*, supra.