A09A1601. J. M. S. BUILDING MAINTENANCE, INC. v. ADCOX.
(689 SE2d 841)

ADAMS, Judge.

This is a cross-appeal of *Adcox v. Atlanta Bldg. Maintenance Co.*, 301 Ga. App. 74 (687 SE2d 137) (2009). In that case, we affirmed the trial court's grant of summary judgment in favor of co-defendant Atlanta Building Maintenance Company ("ABM"). In the cross-appeal, J. M. S. Building Maintenance, Inc. ("JMS") appeals the

denial of its motion for summary judgment.

The facts are fully set forth in *Adcox*. But briefly, "Timothy Adcox alleges that he slipped and fell on ice in his employer's parking lot. He brought suit against his employer's janitorial services contractor and subcontractor because the ice allegedly formed when used mop water was discarded in the parking lot." *Adcox*, 301 Ga. App. at 74. Adcox's employer was ADT Security, ABM was the contractor, and JMS was the subcontractor. As set out in *Adcox*, the key allegations are that a JMS employee discarded used mop water on or near the base of the stairs that led to the back door of the ADT premises and the water froze on a cold Sunday evening. The employee also set off the back door alarm, to which Adcox responded. Adcox slipped on the ice as he approached the back stairs in response to the alarm.

We affirmed summary judgment in favor of ABM because (1) Adcox failed to present evidence to show "that ABM breached any duty by recommending that the mop water could be discarded somewhere out back, and, accordingly, Adcox has no claim against ABM for negligence arising out of its own actions"; and (2) ABM was not vicariously liable for JMS's actions because JMS was an independent subcontractor. *Adcox*, 301 Ga. App. at 76.

1. JMS first contends that it did not owe a duty to Adcox to keep the premises safe because it was an independent contractor, it did not own or occupy the premises, and it only provided services pursuant to the subcontract with ABM. JMS also contends there was no evidence that it performed its duties in a negligent manner. We disagree on the issue of negligent performance and find that issue controlling. As stated in *Adcox*,

> [j]anitorial service contractors whose actions cause injury to a third party certainly can be held liable to those parties. See *Kelley v. Piggly Wiggly Southern*, 230 Ga. App. 508 (496 SE2d 732) (1997) (circumstantial evidence of a connection between *both* contractors and the cause of the plaintiff's fall).

(Emphasis in original.) *Adcox*, 301 Ga. App. at 76. And here, circumstantial evidence was presented that raises an issue of fact as to whether JMS's employee was negligent by failing to dispose of the mop water in one of two safe places suggested to him by Carlos Mesa, his boss at JMS. *Adcox*, 301 Ga. App. at 76. The evidence showed that the JMS employee was mopping the floor near the back door at about 7:30 that evening; he had been told to dump the water out back either to the side of the stairs or across the parking lot from the stairs; it was very cold that night but it had not been raining; and

when Adcox arrived ice was present at the base of the stairs. *Adcox*, 301 Ga. App. at 75. Mesa also admitted that the JMS employee had thrown water somewhere out of the back of the building that night. Id. Thus, there is an issue of fact as to whether the JMS employee performed his duties in a negligent manner, thereby causing ice to form at the base of the stairs where a person could slip and fall approaching the stairs.

This distinguishes *Taylor v. AmericasMart Real Estate*, 287 Ga. App. 555 (651 SE2d 754) (2007), in which there was no evidence that the independent contractor negligently performed his duties or failed to exercise reasonable care in any manner. Id. at 559-560 (1) (b). The case of *Greene v. Piedmont Janitorial Svcs.*, 220 Ga. App. 743 (470 SE2d 270) (1996), is also distinguishable; it turns on the absence of a duty to inspect and does not address a claim of actual negligence by the independent contractor in performing its duties because a jury found that there was no negligence.

2. JMS claims that it cannot be liable because it was only following orders given by the primary contractor, ABM. But, as stated in *Adcox*, there is no evidence that ABM incorrectly instructed JMS about the disposal of the mop water:

> The only suggestion of ABM playing a role related to the alleged fall is Mesa's testimony that ABM said the mop water could be discarded in the back of the building. This is insufficient to support liability. Adcox has not shown that there was anything wrong with that instruction. He has presented no non-hearsay evidence to show that ADT objected to discarding the water out back or that ABM had any knowledge that JMS was allegedly disposing of the water in a dangerous manner. Also, Mesa did not aver that ABM told him where in the back of the building the water could be thrown nor give him any instruction on what to do in cold weather. Thus Adcox has not shown that ABM breached any duty by recommending that the mop water could be discarded somewhere out back, and, accordingly, Adcox has no claim against ABM for negligence arising out of its own actions.

*Adcox*, 301 Ga. App. at 76. Furthermore, Mesa specifically testified that after ABM told him that mop water could be discarded out back on the black top, he instructed his employee to discard the water in one of two places, neither of which was at the bottom of the stairs. Thus, by JMS's own admission, the employee who failed to follow Mesa's instructions could not have been following ABM's instructions. This distinguishes the cases, cited by JMS, in which the

APPELLATE LIBRARY

independent contractor was held not liable because the contractor properly executed the directions of the owner or a primary contractor and the work was accepted. See, e.g., *Whatley v. Nat. Svcs. Indus.*, 228 Ga. App. 602 (492 SE2d 343) (1997) (physical precedent only); *McCaskill v. Carillo*, 263 Ga. App. 890 (589 SE2d 582) (2003); *Cotton v. Bowen*, 241 Ga. App. 543 (1) (524 SE2d 737) (1999). See also *Bragg v. Oxford Constr. Co.*, 285 Ga. 98 (674 SE2d 268) (2009) (acceptance doctrine).

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED DECEMBER 30, 2009.

*Hall, Booth, Smith & Slover, James H. Fisher II, Denise W. Spitalnick*, for appellant.

*Gray, Rust, St. Amand, Moffett & Brieske, Michael D. St. Amand, Albert M. Yates III, Dickerson & Van Sant, David M. Van Sant, Hamilton, Westby, Antonowich & Anderson, Andrew J. Hamilton, John C. Hillis*, for appellee.