A10A1746. IKOMONI et al. v. EXECUTIVE ASSET
MANAGEMENT, LLC et al.
(709 SE2d 282)

BARNES, Presiding Judge.

Alexander and Angela Ikomoni brought this action against SunTrust Mortgage, Inc., Executive Asset Management, LLC, and Select Real Estate Holdings, LLC, alleging claims for wrongful eviction, trespass, punitive damages, and attorney fees. The trial court granted summary judgment to the defendants on all of the plaintiffs' claims, resulting in this appeal. For the reasons set forth below, we affirm.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial.

(Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). On appeal from a trial court's grant of summary judgment, we conduct a de novo review of the law and the evidence. *Ins. Co. &c. of Pa. v. APAC-Southeast*, 297 Ga. App. 553 (677 SE2d 734) (2009). Mindful of these principles, we turn to the record here.

In June 2001, Mr. and Mrs. Ikomoni, the plaintiffs in this action, acquired certain undeveloped real property in Clayton County for

building a home. They operated a construction business and used their own funds to start the home, but later obtained a construction loan on the property from SunTrust Mortgage, Inc. that was memorialized in a promissory note and security deed. The plaintiffs ultimately defaulted on the loan, and SunTrust foreclosed on the property. SunTrust was the highest bidder at the foreclosure sale.

SunTrust hired Executive Asset Management, LLC to develop a strategy and plan for cleaning up and marketing the foreclosed property. Executive then hired Select Real Estate Holdings, LLC to inspect the property, determine whether it was vacant, perform a market analysis, and submit recommendations for cleaning up and selling the foreclosed property. According to Select's employee who performed the inspection, the home on the property was still under construction, appeared vacant, and had no electricity or running water. Additionally, no certificate of occupancy had ever been obtained for the home. However, the plaintiffs claimed that they operated their construction business out of the home and stayed there overnight several times a week even after the foreclosure.

Following its initial inspection, Select provided an estimate to Executive for cleaning up and securing the property in preparation for sale. Executive forwarded Select's estimate to SunTrust, which approved it. At that point, Select had the locks on the home re-keyed, placed certain construction materials in the basement of the home, and had trash and other items removed from the property, although the parties dispute what items were removed. In this regard, the plaintiffs claim that Select removed their personal items and business supplies stored on the property, while Select and the other defendants claim that none of these items and supplies were on the property at the time it was inspected, secured, or cleaned up.

The plaintiffs filed a lawsuit against SunTrust, Executive, and Select for wrongful eviction and trespass and sought compensatory and punitive damages as well as attorney fees. According to the plaintiffs, they were in possession of the property as tenants at sufferance after the foreclosure, and the defendants should have obtained a writ of possession and followed the dispossessory procedures in entering the foreclosed property and removing their personal items that were stored there. The plaintiffs subsequently dismissed their first lawsuit and re-filed the current case in which they alleged the same claims against the defendants. The defendants moved for summary judgment on all of the plaintiffs' claims, the trial court granted their respective motions, and this appeal followed.

1. The plaintiffs contend that the trial court erred in granting summary judgment to SunTrust on their claims for wrongful eviction and trespass. We disagree. SunTrust was entitled to summary judgment based upon the plaintiffs' failure to answer its requests for

admission.

In the first lawsuit, SunTrust served upon the plaintiffs its requests for admission of facts, but the plaintiffs never responded to the requests. Then, after the plaintiffs dismissed their first lawsuit and filed the current action, the parties stipulated, with the trial court's approval, that "all discovery (inclusive of discovery responses, or lack thereof, and deposition testimony) from the Prior Lawsuit [would be] applicable in the case at bar." At no point after the parties' stipulation did the plaintiffs answer SunTrust's requests for admission or move to have their admissions withdrawn.

OCGA § 9-11-36 (a) (2) states:

> Each matter of which an admission is requested shall be separately set forth. *The matter is admitted* unless, within 30 days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney[.]

(Emphasis supplied.) In light of this plain statutory language, Georgia courts have held that "[u]nquestionably, the penalty for failing to answer or object to a request for admissions is admission of the subject matter of the request." (Citations and punctuation omitted.) *Ledford v. Darter*, 260 Ga. App. 585, 587 (1) (580 SE2d 317) (2003). Since the plaintiffs never answered or objected to SunTrust's requests for admission within the statutory time period, they clearly failed to adhere to OCGA § 9-11-36 (a) (2). Thus, the requests were deemed admitted by the plaintiffs.

The plaintiffs do not contest that they entered into a stipulation with the defendants regarding discovery from the prior lawsuit or that the requests for admission, if deemed admitted in the present action, would result in the grant of summary judgment to SunTrust. Rather, the plaintiffs simply quote from OCGA § 9-11-36 (b), which provides in relevant part: "Any admission made by a party under this Code section is for the purpose of the pending action only and is not an admission by him for any other purpose, nor may it be used against him in any other proceeding." But it is clear that statutory discovery procedures can be modified by stipulation of the parties, as was undisputably done in this case. See OCGA § 9-11-29 (2); *Moore v. Harris*, 201 Ga. App. 248, 250 (2) (410 SE2d 804) (1991). See also 3 Ga. Procedure: Discovery § 5:15. Accordingly, the plaintiff's reliance upon OCGA § 9-11-36 (b) is misplaced under the circumstances. Compare *Mumford v. Davis*, 206 Ga. App. 148 (424 SE2d 306) (1992).

It follows that the trial court did not err in granting summary

judgment to SunTrust on the plaintiffs' claims for wrongful eviction and trespass. "Where a party failed to answer a request for admissions within the requisite time and the admissions removed [from the jury at least one essential element of the party's claims], the other party [is] entitled to a grant of its motion for summary judgment." (Citation and punctuation omitted.) *Atlanta Cas. Co. v. Goodwin*, 205 Ga. App. 421, 422 (422 SE2d 76) (1992).

2. The plaintiffs further contend that the trial court erred in granting summary judgment to Executive and Select on the claims for wrongful eviction and trespass. According to the plaintiffs, a jury could find Executive and Select liable for wrongful eviction and trespass because they failed to comply with the statutory dispossessory procedures in entering the property and allegedly removing the plaintiffs' personal items. Here, there is no evidence that SunTrust chose to file, or contracted with another company to file on its behalf, a statutory dispossessory action against the plaintiffs and obtain a writ of possession. Therefore, the determinative legal question is whether Executive and Select had an independent legal duty to file, sua sponte, a dispossessory action and then comply with the procedures applicable in such an action. We conclude that they did not.

"The exclusive method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 et seq." *Steed v. Fed. Nat. Mtg. Corp.*, 301 Ga. App. 801, 805 (1) (a) (689 SE2d 843) (2009). After instituting a dispossessory action and obtaining a writ of possession, the landlord is authorized to evict the tenant, but the landlord must "plac[e] the tenant's property on some portion of the landlord's property or on other specific property designated by the landlord and approved by the executing officer." *Washington v. Harrison*, 299 Ga. App. 335, 339 (1) (682 SE2d 679) (2009). See OCGA § 44-7-55 (c). If the landlord evicts a tenant without filing a dispossessory action and obtaining a writ of possession, or without following the dispossessory procedures for handling the tenant's personal property, the landlord can be held liable for wrongful eviction and trespass. See *Steed*, 301 Ga. App. at 805 (1) (a); *Swift Loan &c. Co. v. Duncan*, 195 Ga. App. 556, 557 (1) (394 SE2d 356) (1990).

It is true that "[a] landlord-tenant relationship exists between a legal title holder and a tenant at sufferance such that the dispossessory procedures set forth in OCGA § 44-7-50 et seq. are applicable."[1] *Steed*, 301 Ga. App. at 805 (1) (a). But while a landlord may

---

[1] "Where former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance." (Citation, punctuation and emphasis omitted.) *Steed*, 301 Ga. App. at 805 (1) (a). The parties dispute whether the plaintiffs remained in possession of the property after the foreclosure sale and thus whether they were tenants at sufferance.

accomplish his statutory duties through his attorney or agent, see OCGA § 44-7-50 (a), a landlord cannot absolve himself from liability by delegating those duties to an independent contractor. See OCGA § 51-2-5 (4); *Owens v. BarclaysAmerican/Mtg. Corp.*, 218 Ga. App. 160, 162 (2) (460 SE2d 835) (1995). And we have held that where a party has a nondelegable duty imposed by statute, an independent contractor cannot be held liable for failing to carry out that statutory duty on its own. See, e.g., *Taylor v. AmericasMart Real Estate*, 287 Ga. App. 555, 557 (1) (a) (651 SE2d 754) (2007); *Greene v. Piedmont Janitorial Svcs.*, 220 Ga. App. 743, 744-745 (2) (470 SE2d 270) (1996).

SunTrust was the legal title holder of the foreclosed property, and thus the duty to comply with the statutory dispossessory procedures (to the extent that it arose under the facts of this case) was imposed upon SunTrust and could not be delegated to a third party. Furthermore, there is no evidence that SunTrust ever sought to accomplish its statutory duties through an agent by contracting with either Executive or Select to file a dispossessory action against the plaintiffs on its behalf. It follows that Executive and Select, as undisputed independent contractors, had no separate legal duty to file a dispossessory action and then comply with the statutory procedures applicable in such an action. Cf. *Taylor*, 287 Ga. App. at 557 (1) (a); *Greene*, 220 Ga. App. at 744-745 (2). Given the absence of an independent legal duty imposed upon Executive and Select, the trial court correctly granted summary judgment to them on the plaintiffs' wrongful eviction and trespass claims.[2]

3. Because the plaintiffs cannot succeed on their underlying tort claims for wrongful eviction and trespass, they likewise cannot prevail on their claims for punitive damages and attorney fees against the defendants. *Walker County v. Tri-State Crematory*, 284 Ga. App. 34, 40 (1) (643 SE2d 324) (2007). Consequently, the trial court did not err in granting summary judgment to the defendants on the plaintiffs' claims for punitive damages and attorney fees.

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

---

[2] The plaintiffs have not asserted separate common law claims for negligence or conversion, and so we need not resolve whether Executive and Select could be held liable under those tort theories for their alleged handling of the plaintiffs' personal property, distinct and apart from their compliance or noncompliance with statutory dispossessory procedures. Cf. *J. M. S. Bldg. Maintenance v. Adcox*, 301 Ga. App. 798, 799-800 (1) (689 SE2d 841) (2009) (holding that although property owners have a nondelegable duty to inspect their premises to keep them safe for invitees, an independent contractor hired by the owner could be held liable for plaintiff's slip and fall accident, if the contractor was negligent in performing its separate common law duty not to injure another person or his property).

DECIDED MARCH 16, 2011 —
RECONSIDERATION DENIED MARCH 31, 2011.

*Mack & Harris, Robert L. Mack, Jr.*, for appellants.
*Dickenson Gilroy, Monica K. Gilroy, Weissman, Nowack, Curry & Wilco, Ned Blumenthal, Seth M. Friedman, Coleman & Talley, Edward F. Preston*, for appellees.