A00A0472. BRADFORD v. CITY OF ALBANY.
(529 SE2d 906)

McMURRAY, Presiding Judge.

Appellee-plaintiff City of Albany (the "City") brought a complaint on a promissory note against appellant-defendant Jimmy Bradford, a subcontractor indebted to the City upon start-up funds in the amount of $137,485.28 loaned him for work on a City project to renovate certain apartments. Defendant answered pleading payment of the debt by entitlement to set-off for materials left on the job site after the City's action terminating him as a subcontractor. The trial court granted plaintiff's motion for directed verdict, finding that "there was no testimony or evidence establishing the value of merchandise and items abandoned to the City or the precise nature of the items and merchandise abandoned to the City." Defendant appeals from the trial court's order denying his motion for new trial, contending the trial court erred in directing a verdict for the City in that there was sufficient evidence upon which the jury could have determined the value of his set-off claim. *Held*:

A verdict shall be directed when there is no conflict in

the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. *Pendley v. Pendley*, 251 Ga. 30 (1) (302 SE2d 554) (1983); OCGA § 9-11-50 (a).

*Joiner v. Lane*, 235 Ga. App. 121, 122 (1) (508 SE2d 203). Further in considering a motion for directed verdict, "an appellate court must view the evidence in the light most favorable to the party who secured the . . . verdict. [Cit.]" *Pendley v. Pendley*, 251 Ga. at 31 (1), supra.

In support of his set-off claim, defendant testified at trial that he used all of the money he borrowed from the City to pay for air conditioning equipment, light fixtures, and meter boxes and that he was required to leave these items on the job site upon his barment therefrom. While defendant thus testified as to the price he paid for the property he left on the job site, he did so in the aggregate only, providing no basis for his conclusion.

"An owner of property may not testify as to his opinion of the value of the property in a single or gross amount without 'giving his reasons therefor' or else showing that he has had 'an opportunity for forming a correct opinion.'" *Hoard v. Wiley*, 113 Ga. App. 328, 329, hn. 1 (b) (147 SE2d 782).

Opinion evidence, to have probative value, must be based upon a foundation that the witness "has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion. . . . Absent this foundation, the opinion as to value is inadmissible as it is nothing more than an 'unsupported conclusion or guess of the witness.'" *Sisk v. Carney*, 121 Ga. App. 560, 563 (174 SE2d 456).

*Hagin v. Powers*, 140 Ga. App. 300, 304 (3) (231 SE2d 780). See also OCGA §§ 24-9-65; 24-9-66; *Vitello v. Stott*, 222 Ga. App. 134, 136-137 (1) (473 SE2d 504) (value necessarily a matter of opinion, and such opinion admissible if witness provides the foundation underlying the opinion). Because defendant failed to support his opinion by a proper foundation as to the value of the property left on the job site in the case sub judice, his opinion as to value was without probative value. *Hagin v. Powers*, 140 Ga. App. at 304 (3), supra. Accordingly, the trial court properly directed a verdict for plaintiff. *Joiner v. Lane*, 235 Ga. App. at 122 (1), supra; *Gwinnett Commercial Bank v. Flake*, 151 Ga. App. 578, 581 (2) (260 SE2d 523) ("[I]f a defendant produces no evidence to counter plaintiff's prima facie case, direction of a verdict

would be proper — even where defendant pleads the defense of setoff. [Cit.]"). Compare *Interstate Dev. Svcs. &c. v. Patel*, 218 Ga. App. 898 (463 SE2d 516) ("The jury is not permitted to speculate as to what the allegedly lost profits might have been. [Cit.]").

Since we do not find that defendant filed this appeal only for purposes of delay, the City's motion for assessment of damages for frivolous appeal is denied.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 22, 2000.

*Farkas & Ledford, Leonard Farkas*, for appellant.
*Henry E. Williams*, for appellee.