A00A2527. GREEN v. PROFFITT et al.
(545 SE2d 623)

JOHNSON, Presiding Judge.

In 1994, John Green hired Paul and Marsha Proffitt to manage the Bermuda Run apartment complex in Statesboro. Green and the Proffitts entered into a contract which provides that the Proffitts will manage the property for ten years and be paid $3,000 per month. Paragraph 7 of the contract provides that at the end of the ten years, Green will convey a 25 percent ownership interest in the property to the Proffitts. Paragraph 10 of the agreement provides that if Green sells the property before the end of the ten-year term, the Proffitts will receive the greater of $100,000 or part of the sale proceeds equal to 25 percent of the portion of the contract term actually fulfilled.[1] Paragraph 10 further states that it shall not be interpreted to give the Proffitts a vested interest in the property.

In 1996, the Proffitts' management of the complex was terminated. The Proffitts sued Green for breach of contract, claiming that Green was going to sell the property and had fired them without cause in order to avoid paying them a portion of the sale proceeds as required by the contract. Green answered the complaint, and the case was tried before a jury. The jury found in favor of the Proffitts, awarding them $200,000, and the trial court entered judgment for the Proffitts in that amount. Green appeals from the judgment.

1. Green contends that the Proffitts failed to provide any evidence from which the jury could have properly calculated damages. The contention is without merit.

The damages recoverable for a breach of contract are those that

---

[1] The contract gave the following example of this provision: If the property were sold on September 1, 1999, which would be one-half of the term of the agreement, then the Proffitts would be entitled to one-half of 25 percent (i.e., 12.5 percent) of the net proceeds.

arise naturally and according to the usual course of things from the breach.[2] Here, the Proffitts claimed that Green planned to sell the property and fired them to avoid paying them their share of the sale proceeds as required by the contract. If in fact Green breached the contract for that purpose, then the damages arising from that breach are the Proffitts' loss of their payment.

In his appeal Green challenges only the award of damages, not his liability. Thus, we must presume that the evidence at trial proved that Green breached the contract and is liable for the damages suffered by the Proffitts as a result of that breach.[3] That is, we presume the evidence supports a finding that Green breached the contract in order to avoid paying the Proffitts their portion of the sale proceeds. Consequently, the only question for us is whether the evidence supports the jury's award of $200,000 as the amount of the Proffitts' damages.

In proving their loss, the Proffitts properly presented two experts who testified that they had appraised the property and that its market value at the time of trial was $12.5 million. Green himself testified that the property is appraised at more than $7 million, but he claimed that he also had more than a $7 million debt on the property.

Based on the evidence of the property value and the amount of alleged debt on the property, coupled with the contract language, the jury's calculation of $200,000 as the amount of damages was within the range of evidence. For instance, the jury could have found that the property is worth $12.5 million and that it carries a debt of $7 million, so a sale would bring a profit of $5.5 million. The Proffitts completed eighteen months of the ten-year, or 120-month, contract term, which is fifteen percent of the term. So under paragraph 10 of the contract they are entitled to 15 percent of 25 percent of the $5.5 million sale proceeds, which amounts to $206,250.

The issue of damages is a matter for the jury, and a reviewing court should not interfere with the jury's damages award unless it is so small or excessive that it justifies an inference of gross mistake or undue bias.[4] Because the jury's award is not so excessive as to justify an inference of gross mistake or bias, we will not interfere with it. The judgment of the trial court is therefore affirmed.

2. Due to our holding in Division 1, we need not address Green's additional enumeration of error that the court erred in allowing the expert witnesses to testify about the present value of the property.

[2] OCGA § 13-6-2.

[3] See generally *Felker v. Chipley*, 246 Ga. App. 296 (540 SE2d 285) (2000); *Speir v Krieger*, 235 Ga. App. 392, 395 (509 SE2d 684) (1998).

[4] OCGA § 13-6-4.

*Judgment affirmed. Ellington and Phipps, JJ., concur. Smith, P. J., not participating.*

DECIDED FEBRUARY 15, 2001 —
RECONSIDERATION DENIED MARCH 7, 2001 —

*King & Spalding, Benjamin F. Easterlin IV, Christopher L. Casey*, for appellant.

*Franklin, Taulbee, Rushing, Bunce & Brogdon, James B. Franklin, William K. McGowan*, for appellees.