A09A1299. WASHINGTON et al. v. HARRISON.
(682 SE2d 679)

BLACKBURN, Presiding Judge.

In this civil action, John Harrison sued Leslie and Michael Washington, alleging conversion of personal property as well as

several other tort claims. Following a bench trial, the trial court issued an order and judgment in favor of Harrison as to his conversion claim. The Washingtons appeal, arguing that the trial court erred in finding that they converted Harrison's property and in finding that Harrison provided sufficient evidence to support the damages award for the conversion. For the reasons set forth below, we affirm in part, vacate in part, and remand for a determination of damages.

> While we apply a de novo standard of review to any questions of law decided by the trial court, factual findings made after a bench trial shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses. OCGA § 9-11-52 (a).

(Punctuation omitted.) *Gooch v. Tudor*.[1] "Because the clearly erroneous test is in effect the same standard as the any evidence rule, appellate courts will not disturb fact findings of a trial court if there is any evidence to sustain them." (Punctuation omitted.) *Lifestyle Home Rentals v. Rahman*.[2]

So viewed, the evidence shows that this matter involves two adjoining lots of property, which are located at 2335 Hillside Road, Fulton County, Georgia and which were designated as the front lot and rear lot. In 1991, L. W. Taylor (the owner at the time) intended to sell the entire property to Gwenerdette Battle. However, the warranty deed provided to Ms. Battle mistakenly only described the front lot of the property. This recording error went unnoticed, and thus in 1999, when Ms. Battle sold the property to John Harrison, she executed a warranty deed, which again mistakenly only described the front lot. Believing that he owned both lots, Harrison moved into the house on the front lot and stored numerous items of personal property, including automobiles, automobile engines, sports equipment, and various machinist tools, in the two storage buildings located on the adjoining rear lot.

Because of the recording and conveyance errors, Harrison never received any tax bills or notices of tax delinquency from the county pertaining to the rear lot, and he therefore never paid the property taxes that were owed on the property. On March 4, 2004, Leslie Washington, with assistance from her husband Michael, purchased the rear lot for $6,763.88 at a county tax sale and thus obtained a tax deed to the property in Leslie's name. Prior to the sale, the

---

[1] *Gooch v. Tudor*, 296 Ga. App. 414 (674 SE2d 331) (2009).
[2] *Lifestyle Home Rentals v. Rahman*, 290 Ga. App. 585 (660 SE2d 409) (2008).

Washingtons had driven by the property and had noticed some of Harrison's personal property on the rear lot, but they nevertheless assumed that the rear lot was abandoned. The Washingtons never attempted to notify anyone in the property's chain of title of their purchase.

Not long after the tax sale, Mr. Washington went to the property, parked his vehicle in Harrison's driveway on the front lot, unloaded his lawnmower, and began mowing the grass on the rear lot. Harrison approached him, asked what he was doing on the property, and asked him to leave. Washington refused, and a brief physical altercation ensued, after which both men called the police. When the police arrived, Washington explained that his wife had purchased the rear lot at a tax sale. Both men decided not to press charges against the other, but Washington left the premises without providing Harrison with any contact information. Thereafter, Harrison discovered the recording error in his warranty deed, which he previously believed covered the entire property. Over the course of the next several months, he attempted to contact the Washingtons to request that he be allowed to redeem the property but was unsuccessful.

In April 2005, the Washingtons hired surveyors to survey the rear lot. Shortly after the surveyors entered the property, Harrison told them to leave and called the police. Consequently, on April 19, 2005, Mr. Washington completed a dispossessory warrant for the rear lot in his wife's name, signed his wife's name as the owner of the rear lot on the dispossessory affidavit, and filed the document in the Fulton County Magistrate Court. A few weeks later, the magistrate court held a hearing on the dispossessory petition, which both the Washingtons and Harrison attended. At the conclusion of the hearing, the magistrate court issued a writ of possession for the rear lot in favor of Leslie Washington. Harrison did not appeal this ruling. A couple of days later, Mr. Washington came onto the property with a salvage crew and began hauling away most of Harrison's personal property items that had been stored in the two buildings on the rear lot.

Following the removal of his personal property, Harrison located L. W. Taylor, who because of the earlier recording errors was still listed as the title holder of the rear lot, and obtained a corrective quitclaim deed from him, designating Harrison as the record owner of the entire property. Harrison then contacted the Washingtons, demanding that he be allowed to redeem the rear lot and requesting that his personal property be returned. A month later, Harrison provided Leslie Washington with a redemption check for the rear lot, and she provided him with a redemption quitclaim deed. However, Harrison was not able to recover any of his personal property that had been removed from the rear lot after the dispossessory action. As

a result, Harrison sued the Washingtons in Gwinnett County Superior Court, alleging claims of trespass, filing a false dispossessory warrant, conversion, theft by taking, abuse of process, and assault and battery.[3] After a bench trial, the trial court ruled in favor of Harrison on his conversion claim and awarded him $192,487.13 in damages. This appeal followed.

1. The Washingtons contend that the trial court erred in finding them liable for conversion, arguing that Harrison's personal property that was removed from the rear lot was abandoned under OCGA § 44-7-55 (c) once they executed their writ of possession. We disagree.

OCGA § 51-10-1 provides that "[t]he owner of personalty is entitled to its possession. Any deprivation of such possession is a tort for which an action lies." "This statute embodies the common law action of trover and conversion." (Punctuation omitted.) *Levenson v. Word*.[4] To establish a claim for conversion, "the complaining party must show (1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." (Punctuation omitted.) *Metzger v. Americredit Financial Svcs*.[5] See *Johnson v. First Union Nat. Bank*.[6]

The Washingtons contend that Harrison's personal property was deemed abandoned, under OCGA § 44-7-55 (c), once the writ of possession was executed in Leslie Washington's favor, and thus they cannot be held liable for conversion of that property. See *Moultrie v. Wright*.[7] OCGA § 44-7-55 (c) provides:

> Any writ of possession issued pursuant to this article shall authorize the removal of the tenant or his or her personal property or both from the premises and permit the placement of such personal property on some portion of the landlord's property or on other property as may be designated by the landlord and as may be approved by the executing officer; provided, however, that the landlord shall not be a bailee of such personal property and shall owe no duty to the tenant regarding such personal property. After

---

[3] The trial court granted summary judgment to Leslie Washington as to Harrison's assault and battery claim against her.

[4] *Levenson v. Word*, 294 Ga. App. 104, 106 (1) (668 SE2d 763) (2008).

[5] *Metzger v. Americredit Financial Svcs.*, 273 Ga. App. 453, 454 (615 SE2d 120) (2005).

[6] *Johnson v. First Union Nat. Bank*, 255 Ga. App. 819, 823 (4) (567 SE2d 44) (2002).

[7] *Moultrie v. Wright*, 266 Ga. 30, 32-33 (2) (464 SE2d 194) (1995), superseded by statute on other grounds as stated in *Community Renewal &c. v. Nix*, 279 Ga. 840, 841 (1) (621 SE2d 722) (2005).

execution of the writ, such property shall be regarded as abandoned.

In its order and judgment in favor of Harrison, the trial court found that the Washingtons were liable for conversion because they did not place Harrison's personal property at the front of the rear lot as required by OCGA § 44-7-55 (c). The Washingtons counter that the statute does not provide such a requirement and further argue that Harrison's personal property was deemed abandoned the moment that the magistrate judge executed the writ of possession.

In interpreting OCGA § 44-7-55 (c), "we must consider [its provisions] in pari materia, and reconcile them, if possible, so that they may be read as consistent and harmonious with one another." (Punctuation omitted.) *City of LaGrange v. Ga. Public Svc. Comm.*[8] While the statute provides that the landlord shall not be a bailee and shall owe no duty to the tenant with regard to his personal property, we interpret that provision as being contingent upon the landlord first placing the tenant's property on some portion of the landlord's property or on other specific property designated by the landlord and approved by the executing officer. Furthermore, such an interpretation is reasonable given that under the statute, once the writ of possession is executed, the tenant's personal property is deemed abandoned. To read the two parts of the statute disjunctively would effectively give the landlord carte blanche to do whatever he or she liked with the tenant's personal property, including even destroying it, at the moment the writ of possession is issued. We are under no duty to accept "a construction of a statute which will result in unreasonable consequences or absurd results not contemplated by the legislature." *Haugen v. Henry County.*[9] See *Mundell v. Chatham County Bd. of Tax Assessors.*[10]

Here, the Washingtons neither placed Harrison's personal property on a portion of the rear lot, to which they held the tax deed, nor on other property, which they designated and which the executing officer approved. Instead, they hired a salvage crew to simply remove Harrison's personal property from the rear lot with no consideration given as to its ultimate fate. Accordingly, the evidence supported the trial court's finding that the Washingtons were liable for conversion. See generally *Sparks v. Ellis.*[11]

---

[8] *City of LaGrange v. Ga. Public Svc. Comm.*, 296 Ga. App. 615, 621 (2) (675 SE2d 525) (2009).

[9] *Haugen v. Henry County*, 277 Ga. 743, 746 (2) (594 SE2d 324) (2004).

[10] *Mundell v. Chatham County Bd. of Tax Assessors*, 280 Ga. App. 389, 390-391 (634 SE2d 180) (2006).

[11] *Sparks v. Ellis*, 205 Ga. App. 263, 267 (3) (421 SE2d 758) (1992).

2. The Washingtons also contend that the trial court erred in finding that Harrison provided sufficient evidence to support the damages award for the conversion. We agree.

"On appellate review of a bench trial, we must affirm the court's award of damages if there is any evidence showing with reasonable certainty the amount of damages." (Punctuation omitted.) *A & S Group v. Murray*.[12] Nevertheless, "[a]n owner of property may not testify as to his opinion of the value of the property in a single or gross amount without giving his reasons therefor or else showing that he has had an opportunity for forming a correct opinion." (Punctuation omitted.) *Bradford v. City of Albany*.[13] Specifically,

> [o]pinion evidence, to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion. Absent this foundation, the opinion as to value is inadmissible as it is nothing more than an unsupported conclusion or guess of the witness.

(Punctuation omitted.) Id. See *Sisk v. Carney*.[14]

Here, Harrison introduced into evidence a list of the items of the personal property that had been converted and the value of those items. In addition, Harrison testified that his experience of being employed as a machinist for nearly 40 years and working with the various tools and equipment included in his list of converted property provided a basis for his opinion as to the value of the property. However, despite questioning from the trial court, Harrison provided only generalities, rather than specific facts, as to the reasons supporting his opinions on the value of the items on his eight-page list, and even then, the generalities pertained to only a few of the items on the list. Thus, Harrison's opinions regarding the monetary value of the majority, if not all, of the items on his list "have no probative value and cannot support the findings of the trial court as to damages." *Hagin v. Powers*.[15] "[A]lthough the evidence is insufficient to support the specific findings of the judge as to the total amount of damages, the evidence is sufficient to support a finding that the items had some value. . . ." (Punctuation omitted.) Id. at 305 (3). Accordingly, we vacate the trial court's damages award and

---

[12] *A & S Group v. Murray*, 291 Ga. App. 331, 334-335 (2) (661 SE2d 701) (2008).

[13] *Bradford v. City of Albany*, 242 Ga. App. 477, 478 (529 SE2d 906) (2000).

[14] *Sisk v. Carney*, 121 Ga. App. 560, 563 (4) (174 SE2d 456) (1970).

[15] *Hagin v. Powers*, 140 Ga. App. 300, 304 (3) (231 SE2d 780) (1976).

remand the case for resolution of the issue of the total amount of damages owed to Harrison. See id.; *Sisk*, supra, 121 Ga. App. at 563-564 (4).

*Judgment affirmed in part and vacated in part, and case remanded with instruction. Adams and Doyle, JJ., concur.*

DECIDED JULY 23, 2009 

*David J. Merbaum*, for appellants.
*Ayoub & Mansour, John Antoine Bailey Ayoub*, for appellee.