A10A2111. HIGGINS et al. v. BENNY'S VENTURE, INC.
(709 SE2d 287)

DOYLE, Judge.

Following a bench trial, John and Rosie Higgins (collectively "Higgins") appeal from a judgment in favor of Benny's Venture, Inc. ("Benny's") on its action in trover seeking damages for the Higgins's wrongful possession of Benny's automobile emission testing machine. For the reasons that follow, we affirm.

While we apply a de novo standard of review to any questions of law decided by the trial court, factual findings made after a bench trial shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses.

---

Because the clearly erroneous test is in effect the same standard as the any evidence rule, appellate courts will not disturb fact findings of a trial court if there is any evidence to sustain them.[1]

So viewed, the evidence shows that Benny's operated a used-car dealership and emissions testing business on property leased from Higgins. After a dispute arose over the renewal of Benny's lease, Higgins did not renew the lease and ultimately executed a writ of possession on the property. Due to an oversight by its attorney, Benny's was not prepared for the eviction when sheriff's deputies arrived to evict the business from the property. During the eviction process, Ben Okpalefe, the owner of Benny's, explained to the deputies that the machine could not be moved because it was "connected to the State grid," and they needed permission from the State to disconnect it. The deputies instructed Higgins to cooperate with the owner of the machine and allow it to be removed at a later date when permission from the State had been obtained. Thus, the machine was not moved during the eviction.

After Okpalefe obtained permission to move the machine, he contacted the Sheriff's department, and when he returned with a deputy to retrieve the machine, Rosie prohibited him from removing it. She then began using the machine to conduct emission inspection operations. Benny's filed suit seeking damages and return of the machine. A bench trial ensued, and the judge awarded the machine and damages to Benny's.

Higgins filed this appeal contending that the trial court erred by entering judgment against them because the machine was abandoned once the dispossessory writ was executed and the machine was left behind. We disagree.

OCGA § 44-7-55 (c) provides:

> Any writ of possession issued pursuant to this article shall authorize the removal of the tenant or his or her personal property or both from the premises and permit the placement of such personal property on some portion of the landlord's property or on other property as may be designated by the landlord and as may be approved by the executing officer; provided, however, that the landlord shall not be a bailee of such personal property and shall owe no duty to the tenant regarding such personal property. After

---

[1] (Citations and punctuation omitted.) *Washington v. Harrison*, 299 Ga. App. 335, 336 (682 SE2d 679) (2009).

execution of the writ, such property shall be regarded as abandoned.

This Court has interpreted the latter portion of this provision "as being contingent upon the landlord first placing the tenant's property on some portion of the landlord's property or on other specific property designated by the landlord and approved by the executing officer."[2] Otherwise, the landlord would have "carte blanche to do whatever he or she liked with the tenant's personal property, including even destroying it, at the moment the writ of possession is issued."[3]

Here, the evidence showed that the property in question was left in place when the writ was executed, with an instruction to the landlord by the executing officer to allow the tenant to later remove it. Therefore, the property was not "placed on some portion of the landlord's property" as required by the statute, and it was therefore not abandoned.[4] Accordingly, the evidence supported the trial court's judgment because the landlord refused the owner's timely attempt to retrieve the machine.[5]

*Judgment affirmed. Ellington, C. J., and Andrews, J., concur.*

DECIDED MARCH 16, 2011 —
RECONSIDERATION DENIED MARCH 31, 2011 — ▮▮▮▮▮▮

*Macklyn A. Smith*, for appellants.
*Alfred & Rutledge, Chiri N. Rutledge*, for appellee.

---

[2] Id. at 339 (1).
[3] Id.
[4] See id.
[5] See id.