**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and PETERSON, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 12, 2016**

# In the Court of Appeals of Georgia

A15A2294. CLEVELAND v. MIDFIRST BANK.                    DO-112

DOYLE, Chief Judge.

In her suit against MidFirst Bank ("the Bank") for an allegedly wrongful eviction, Mary Frances Cleveland appeals from the grant of the Bank's motion to dismiss for failure to state a claim. Cleveland contends that the trial court erred because her verified complaint pleaded provable facts sufficient to support a claim. We agree and reverse.

It is well established that a motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In

deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

A plaintiff is not required to plead in the complaint facts sufficient to set out each element of a cause of action so long as it puts the opposing party on reasonable notice of the issues that must be defended against. If within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. We review the trial court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under the de novo standard of review.[1]

Here, Cleveland's complaint alleges that she was wrongfully evicted after the Bank foreclosed on its security interest and purchased her residence at the foreclosure sale. Thereafter, the Bank obtained a writ of possession, which Cleveland appealed, subject to an order to pay rent into the registry of the superior court ("Rent Order"). When Cleveland failed to make rent payments, the Bank obtained a writ of possession based on Cleveland's violation of the Rent Order.

Cleveland's complaint further alleges that when the writ was executed, the Bank's agents

---

[1] (Punctuation and footnotes omitted.) *TechBios, Inc. v. Champagne*, 301 Ga. App. 592, 592-593 (688 SE2d 378) (2009).

2

wrongfully broke the locks on Plaintiff's doors, . . . broke and damaged plaintiff's personal property, antiques and furnishing[s,] and placed them in the dumpster. They refused to allow Plaintiff on the property to protect, secure[,] and retrieve her furniture, antiques[,] and furnishings[,] and hauled her furniture, antiques[,] and furnishings off to a place unknown to Plaintiff. . . .

Defendant MidFirst [or its agents] denied her the right to retrieve . . . her property . . . and . . . . maliciously destroyed and carried away [her personal property].

Based on this and other conduct, Cleveland's complaint asserts that she is entitled to damages for trespass, emotional distress, theft, and conversion.

The Bank answered and proffered evidence that it held a security interest in the property and properly foreclosed on the security interest, secured a writ of possession, and executed the writ. The Bank then moved to transfer venue to the county where the property was located, which motion the court granted. The Bank's motion also sought to dismiss the suit for failure to state a claim upon which relief could be granted, which the superior court ultimately granted in a one-page order.

Cleveland now appeals that ruling, arguing that her complaint asserts facts sufficient to state tort claims based on the allegedly wrongful eviction process. After a foreclosure sale, former owners remaining in possession of real property become

3

tenants at sufferance, and the dispossessory procedures set forth in OCGA § 44-7-50 et seq. apply.[2] OCGA § 44-7-55 (c) provides as follows:

Any writ of possession issued pursuant to this article shall authorize the removal of the tenant or his or her personal property or both from the premises and permit the placement of such personal property on some portion of the landlord's property or on other property as may be designated by the landlord and as may be approved by the executing officer; provided, however, that the landlord shall not be a bailee of such personal property and shall owe no duty to the tenant regarding such personal property. After execution of the writ, such property shall be regarded as abandoned.

Addressing the practical effect of that provision, this Court has concluded that

[w]hile the statute provides that the landlord shall not be a bailee and shall owe no duty to the tenant with regard to his personal property, we interpret that provision as being contingent upon the landlord first placing the tenant's property on some portion of the landlord's property or on other specific property designated by the landlord and approved by the executing officer.[3]

---

[2] See *Ikomoni v. Exec. Asset Mgmt.*, LLC, 309 Ga. App. 81, 84 (2) (709 SE2d 282) (2011).

[3] *Washington v. Harrison*, 299 Ga. App. 335, 339 (1) (682 SE2d 679) (2009).

4

Based on this, the Court has held that a claim for conversion may lie when a landlord "neither placed [the tenant's] personal property on a portion of the [property] . . . nor on other property, which they designated and which the executing officer approved."[4] This was because the landlord "hired a salvage crew to simply remove [the tenant's] personal property from the [property] with no consideration given as to its ultimate fate."[5]

Here, under a similar analysis, Cleveland's complaint alleges facts sufficient to establish the framework for a grant of relief.[6] She alleges that the Bank's agents destroyed or stole her personal property, thereby failing to follow the statutory procedure outlined in OCGA § 44-7-55 (c), and the Bank has not demonstrated that her claims fail as a matter of law. Accordingly, the trial court erred by dismissing her complaint for failure to state a claim.[7]

---

[4] Id.

[5] Id.

[6] See id. See also *Higgins v. Benny's Venture, Inc.*, 309 Ga. App. 102, 104 (709 SE2d 287) (2011) (landlord did not "have carte blanche to do whatever he or she liked with the tenant's personal property, including even destroying it, at the moment the writ of possession is issued") (punctuation omitted).

[7] See *TechBios, Inc.*, 301 Ga. App. at 595 (1) (a).

*Judgment reversed. Phipps, P. J., and Peterson, J., concur.*