**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 10, 2018**

# In the Court of Appeals of Georgia

A18A1320. HART v. WALKER.

RAY, Judge.

Kenneth Hart filed a complaint against his former landlord, Valeria Walker, seeking money damages for wrongful eviction, conversion, and trespass. The trial court granted partial summary judgment to Hart on the issue of Walker's liability and scheduled the matter for a subsequent evidentiary hearing on the sole issue of damages. After the evidentiary hearing, the trial court declined to award any damages, finding that Hart had not met his burden of proof in providing evidence of his actual and compensatory damages. Hart appeals, contending that the trial court erred (1) in finding that he did not meet his burden of providing evidence of his damages and (2) in failing to rule on his request for punitive damages. For the following reasons, we affirm.

"While we apply a de novo standard of review to any questions of law decided by the trial court, factual findings made after a bench trial shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses." (Citations and punctuation omitted.) *Washington v. Harrison*, 299 Ga. App. 335, 336 (682 SE2d 679) (2009). We "will not disturb fact findings of a trial court if there is any evidence to sustain them." Id. (citation and punctuation omitted.)

The record shows Hart had a rental agreement with Walker in which Hart would pay bi-weekly rent to occupy a room in Walker's house. When Hart notified Walker that he might be late on an upcoming rent payment, an argument between them ensued and Walker told Hart to vacate the premises. Hart then called the police, who advised Walker that she could not illegally evict Hart or force him to leave the premises without following the proper eviction procedures in court.

Shortly after the argument, Hart left the premises. When he returned a short time later, Hart discovered that his personal belongings had been moved outside of the house and that the door locks had been changed. Hart claims that, while retrieving his personal property, he discovered a number of his personal belongings were missing.

2

At the evidentiary hearing, Hart testified as to his damages and presented one motel receipt. Hart also presented testimony from a forensic appraiser, who testified as to the fair market value of Hart's alleged missing belongings. Following this hearing, the trial court concluded that Hart had not met his burden of proof in providing evidence of his actual and compensatory damages; as a result, the trial court awarded no damages to Hart on his claims.

1. In his first enumeration of error, Hart contends that the trial court clearly erred in ruling that Hart did not meet his burden of providing evidence of actual or compensatory damages.

At the evidentiary hearing, Hart testified that the items he lost as a result of the wrongful eviction included tools, clothing, a pair of eyeglasses, and a diamond engagement ring. Hart also presented testimony from a forensic appraiser to establish the fair market value of these items. In response, Walker acknowledged that she did not know whether Hart owned the clothing or engagement ring, but she testified that Hart did not have any tools in the house.

Under OCGA § 24-14-1, "[t]he burden of proof generally lies upon the party who is asserting or affirming a fact and to the existence of whose case . . . the proof of such fact is essential." To recover damages in this case, Hart had the burden of

3

proving by a preponderance of the evidence that he actually owned the specified items and that such items were missing. See OCGA § 24-14-3. The "preponderance of the evidence" burden of proof is "that superior weight of evidence upon the issues involved, which, while not enough to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." (Citation and punctuation omitted.) *Zwiren v. Thompson*, 276 Ga. 498, 499 (578 SE2d 862) (2003). The preponderance of the evidence standard "requires only that the finder of fact be inclined by the evidence toward one side or the other." (Citation and punctuation omitted.) Id. Additionally, under OCGA § 9-11-52 (a), "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

As to compensatory damages for personal property, Hart needed to persuade the trial court by a preponderance of the evidence both that he owned the items and that those items were missing. The only evidence Hart provided to establish these facts was his own testimony. Apparently, the trial court found that Hart's testimony in this regard lacked credibility. This finding was not clearly erroneous because the credibility of Hart's testimony is within the sole province of the trial court as the finder of fact. See OCGA § 9-11-52 (a). Furthermore, because Hart failed to convince

4

the trial court that he owned the items or that such items were missing, it was irrelevant that Hart provided evidence of the fair market value of the items.

Hart also asserts that the wrongful eviction caused him to incur additional expenses. Specifically, Hart testified that he stayed at various motels for a month and a half , and that he spent $500 on food and $192 on MARTA passes after he was evicted. Hart only provided documentary evidence, however, of a $110 receipt for a two-night motel stay that occurred over a month after he was evicted. Although he asserted that he stayed at several other motels after his eviction, he acknowledged that he had no receipts for his other motel stays.

OCGA § 51-12-4 provides that "[d]amages are given as compensation for injury; generally, such compensation is the measure of damages where an injury is of a character capable of being estimated in money." OCGA § 51-12-9 provides that "[d]amages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. However, damages traceable to the act, but which are not its legal and natural consequence, are too remote and contingent to be recovered."

As an initial matter, we note that Hart would ordinarily have to pay living and food expenses regardless of where he was staying and, thus, these expenses may be

5

too remote to be the legal or natural consequence of the wrongful eviction. Furthermore, the motel receipt that Hart produced as evidence was for a motel stay that occurred over a month after Hart was wrongfully evicted. Additionally, there was no evidence of Hart's other motel stays, food expenses, and travel expenses, other than Hart's own testimony, which the trial court was authorized to disregard if it determined that his testimony lacked sufficient credibility.

Given that we must give due regard to the trial court's opportunity to hear the evidence and determine the credibility of Hart's testimony, see OCGA § 9-11-52 (a) and *Washington*, supra at 336, we conclude that the trial court did not clearly err in declining to award Hart damages.

2. In his second enumeration of error, Hart contends that the trial court erred by failing to rule on his request for punitive damages. We disagree.

Under OCGA § 51-12-5.1 (a), punitive damages can only be awarded as "additional damages." When actual or compensatory damages are not awarded, punitive damages are not authorized. See *Martin v. Martin*, 267 Ga. App. 596, 597 (2) (600 SE2d 682) (2004). As the trial court declined to award actual or compensatory damages to Hart, the trial court did not err in failing to award punitive damages.

*Judgment affirmed. McFadden, P. J., and Rickman, J., concur.*

6