**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 14, 2019**

# In the Court of Appeals of Georgia

A19A0591. SPIRITS, INC. v. PATEL et al.

MERCIER, Judge.

Spirits, Inc. filed an action for breach of contract against Nataraj Enterprises, Inc. and Nataraj's owner, Rashmikant Patel (collectively, Nataraj), alleging Nataraj failed to make payments due on a promissory note. In its counterclaim, Nataraj alleged Spirits breached the parties' agreement and that Spirits was liable for damages and attorney fees. The trial court granted summary judgment to Nataraj on Spirits's claims as to liability and on Nataraj's counterclaim, and left the issue of damages for trial. Spirits appealed the grant of partial summary judgment, and this Court affirmed. Case No. A15A1489 (November 17, 2015) (unpublished). On remand, the trial court conducted a bench trial and entered a final order and judgment awarding Nataraj

damages and attorney fees. Spirits filed this appeal from that judgment. Finding no grounds for reversal, we affirm.

Following a bench trial, appellate courts view the evidence in the light most favorable to the trial court's rulings. See *Smith v. Northside Hosp.*, 302 Ga. 517, 520 (807 SE2d 909) (2017). We review questions of law de novo. *Gateway Community Svc. Bd. v. Bonati*, 346 Ga. App. 653 (816 SE2d 743) (2018). The issue of damages is a matter for the finder of fact, and a reviewing court should not interfere with the damages award unless it is so small or excessive that it justifies an inference of gross mistake or undue bias. See *Green v. Proffitt*, 248 Ga. App. 477, 478 (1) (545 SE2d 623) (2001); see generally *Adamson Co. v. Owens-Illinois Dev. Corp.*, 168 Ga. App. 654, 656-657 (309 SE2d 913) (1983) (in a bench trial, the trial court acts as finder of fact to determine amount of damages for breach of contract).

Construed in favor of the judgment, the evidence shows that Spirits owned property that Nataraj leased and operated as a gas station and convenience store. Spirits offered to sell the property to Nataraj for $435,000, but Nataraj rejected the offer because Spirits had paid only $308,000 for the property and the gas pumps needed to be replaced. Nataraj offered to pay the additional $127,000 if Spirits would install three new functional multi-product gas dispensing ("MPD") pumps on the

2

property. Spirits agreed, and in February 2011 the parties executed a sales agreement. The sales agreement incorporates by reference an attached promissory note for $127,000, which Patel executed. (Nataraj paid the $308,000 via a bank loan.)

In March 2011, Spirits and Patel executed an amendment to the promissory note. The amendment provides that it is part of the promissory note; that Patel promises to pay Spirits $127,000 in monthly installments; that Spirits promises to install MPD pumps on the property on or before July 1, 2011, and to make all necessary changes to the property to ensure full functionality of the pumps; that if Spirits fails to do so, Patel can have the work completed and deduct the cost from the promissory note; and that all other terms and conditions of the original note shall remain the same.

Spirits failed to install functional pumps by July 1, 2011, and Nataraj stopped making payments on the promissory note. After taking bids for the work, Nataraj hired Bryco Enterprises to install the pumps at a cost of $128,023. The installation was completed in August 2012, 13 months later than the agreement provided.

Spirits filed the underlying complaint against Nataraj, seeking the amounts allegedly due under the original note and seeking a declaration that the amendment was invalid. In its order granting Nataraj's motion for summary judgment as to liability, the

3

trial court found there was no genuine issue of fact regarding the following: the parties intended to be bound by the terms of the amendment to the promissory note; Spirits breached the agreement by failing to install three new functional MPD pumps before July 1, 2011; and, after Spirits's breach, Nataraj was authorized pursuant to the amendment to undertake the task of installing functional MPD pumps and to deduct the costs from the amount of the promissory note.[1] The trial court found that genuine issues of material fact remained as to damages.

On remand, the trial court conducted a bench trial on the issue of damages. In its final order and judgment, the trial court found that Spirits was responsible for most - but not all - of Bryco's installation charges (specifically, $110,523 of the $128,023 costs). In calculating Nataraj's damages, the court deducted from the original amount of the promissory note the payments Nataraj made on the promissory note ($28,154) and the allowable costs of installation ($110,523), for a net damage award to Nataraj of $11,678. In addition, the court found that Nataraj was entitled to recover lost profits for the 13-month period during which the improvements were not completed, in the

---

[1] The trial court also found that Spirits was liable to Nataraj for unpaid commissions from an "AirServe" air pump machine at the store, but that ruling is not at issue in this appeal.

4

amount of $28,383. The court also awarded Nataraj damages for unpaid commissions,[2] attorney fees and costs. The judgment totaled $83,984.

1. Spirits contends that the trial court erred in awarding damages that exceed the amount of the promissory note, and in awarding attorney fees. According to Spirits, the amendment to the promissory note limits the damages to "loss of all or a portion of the promissory note amount," and "the worst that could happen was [Spirits's] exposure of losing [the] promissory note." We disagree.

> The first rule that courts must apply when construing contracts is to look to the plain meaning of the words of the contract, and it is a cardinal rule of contract construction that a court should, if possible, construe a contract so as not to render any of its provisions meaningless and in a manner that gives effect to all of the contractual terms. Words generally bear their usual and common signification; but technical words, words of art, or words used in a particular trade or business will be construed, generally, to be used in reference to this peculiar meaning.

*Rivers v. Revington Glen Investments*, 346 Ga. App. 440, 442 (816 SE2d 406) (2018) (citation omitted).

---

[2] The damage award for unpaid commissions ($2,160), see n. 1, supra, is not in dispute in this appeal.

5

(a) *Damages*. "Damages are given as compensation for the injury sustained as a result of the breach of a contract." OCGA § 13-6-1. "Damages recoverable for a breach of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated when the contract was made, as the probable result of its breach." OCGA § 13-6-2. The question of damages is for the finder of fact. OCGA § 13-6-4. See generally *Hart v. Walker*, 347 Ga. App. 582, 583-584 (1) (820 SE2d 206) (2018) (in a bench trial, the trial court acts as the finder of fact).

The trial court construed the amendment to the promissory note according to the plain meaning of its words, deducting the costs of installing MPD pumps from the amount of the promissory note. Notably, the court found that some of the improvements performed by Bryco were not the obligation of Spirits and so did not order Spirits to reimburse Nataraj for those improvements. Spirits conceded at trial that Nataraj was "probably entitled to $60,000" (presumably the installation costs per bids Spirits obtained); Spirits also argued that "[t]he worst that could happen" under the terms of the agreement was that Spirits would not be entitled to collect the balance on the promissory note (i.e., $127,000 minus the payments made, or approximately $98,000).

6

Spirits contends on appeal that lost profits should not have been awarded. The contention is without merit. "[L]ost profits are recoverable as damages if such are shown with reasonable certainty." *Crosby v. Spencer*, 207 Ga. App. 487, 488 (1) (428 SE2d 607) (1993) (citation and punctuation omitted); see generally *KAR Printing v. Pierce*, 276 Ga. App. 511, 511-512 (623 SE2d 704) (2005).

To support its claim for lost profits due to the delay in installation, Nataraj presented evidence detailing the business's finances for periods immediately before and after completion, including sales figures, profit and loss statements, sales and use returns, and profit margin information; the evidence showed lost gasoline profits totaling $8,383, and lost profits from inside-the-store merchandise totaling between $24,844 and $31,056, for total lost profits of approximately $33,228 to $39,439. Spirits's principal (Hitesh Jani) admitted that installation of new MPD pumps would result in increased sales of gasoline as well as of merchandise inside the store. The trial court's award of $28,383 in lost profits was supported by the evidence. See *Crosby*, supra. Further, the damages awarded arose naturally and according to the usual course of things from Spirits's breach, and they were not so excessive as to show an inference of gross mistake or bias. See generally *Green*, supra at 478 (1).

7

Spirits also argues that the amendment to the note contains a "liquidated damages" clause that limits recovery, though it points to no such express provision and we find none.[3] We assume Spirits's argument is based on the "deduct the [installation] cost" provision of the amendment. The argument fails because liquidated damages are allowable only if, inter alia, the injury caused by the breach is difficult or impossible to estimate. See *Wehunt v. ITT Bus. Communications*, 183 Ga. App. 560, 561 (1) (359 SE2d 383) (1987) (physical precedent only). But the injury caused by Spirits's breach was not difficult or impossible to estimate. In fact, Spirits conceded at trial that the dollar amount of damages resulting from its breach in this case "should be an easy number to reach," but that Nataraj had not met his burden of proving how much he actually spent on repairs.

(b) *Attorney fees*. Spirits claims on appeal that Nataraj failed to prove the amount of its attorney fees and the reasonableness of those fees. This argument presents no basis for reversal.

---

[3] See generally OCGA § 13-6-7 ("If the parties agree in their contract what the damages for a breach shall be, they are said to be liquidated and, unless the agreement violates some principle of law, the parties are bound thereby.").

8

Spirits has not shown that it preserved this argument. Nataraj specifically requested attorney fees in its counterclaim, alleging that Spirits's conduct evidenced stubborn litigiousness and bad faith, and that Spirits caused Nataraj unnecessary trouble and expense.[4] Then, at trial, Nataraj pointed to evidence that Spirits recanted material contentions and caused Nataraj unnecessary trouble and expense, and introduced evidence showing its attorney's hourly rate and the fees incurred in connection with the lawsuit. Spirits expressly declined to cross-examine Nataraj's attorney regarding the fees and made no objection to the fee request. Notably, Spirits's attorney conceded in closing argument that Nataraj "can collect for lost profit or attorney's fees"; a qualification on the concession is not clear, but seems to be based on Spirits's liquidated damages argument. Further, when counsel for Nataraj asserted in its closing that the attorney fee issue was "undisputed[,]...[that] [t]here wasn't any cross-examination. I appreciate that," Spirits voiced no objection. Because Spirits failed to object below on the ground raised on appeal, its argument was waived. See

---

[4] OCGA § 13-6-11 provides: "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." Nataraj was not required to specifically cite OCGA § 13-6-11 to request attorney fees. See 311 Ga. App. 769.

9

generally *Bridges v. Collins-Hooten*, 339 Ga. App. 756, 762 (3) (792 SE2d 721) (2016); *First Southern Bank v. C & F Services*, 290 Ga. App. 305, 309 (3) (659 SE2d 707) (2008).

2. Spirits contends that the trial court erred by admitting hearsay evidence at trial. It asserts that the court should not have permitted Nataraj's attorney to cross-examine Spirits's principal (Jani) with a third-party written document (Exhibit 12). Spirits did not object to the admission of the evidence at trial.

OCGA § 24-8-802 of the new Evidence Code pertinently provides "that if a party does not properly object to hearsay, the objection shall be deemed waived, and the hearsay evidence shall be legal evidence and admissible." This case was tried in 2018, so Spirits's assertion that the old Evidence Code applies (because the documentary evidence was generated in 2012) is without merit. See *White Horse Partners v. Monroe County Board of Tax Assessors*, 348 Ga. App. 603, 605 (1) (n. 4) (824 SE2d 57) (2019) (new Evidence Code applies to any motion, hearing or trial commenced on or after January 1, 2013). Spirits has not cited any authority supporting his contention. By failing to object to the evidence in the trial court, Spirits waived the argument raised on appeal. See *Shuford v. Aames Plumbing & Heating*, 327 Ga. App. 844, 847 (1) (761 SE2d 395) (2014).

*Judgment affirmed. Barnes, P. J., and Brown, J., concur.*