**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 30, 2025**

# In the Court of Appeals of Georgia

A25A1257. PMB RENTALS, LLC v. JORREE.

DILLARD, Presiding Judge.

Following a bench trial, judgment was entered in favor of Basmatie Jorree[1] on her counterclaim against PMB Rentals, LLC, which was related to PMB's repossession of a rented storage structure located on her property.[2] On appeal, PMB

---

[1] We spell appellee's name as Jorree because that is how it is spelled throughout the record, but we recognize appellee's brief uses only one r in spelling her name. Also, while Jorree's husband was a party-defendant below, he is not a party to this appeal.

[2] Jorree does *not* cross appeal to challenge the trial court's denial of her other claims, which were for conversion, negligent misrepresentation, slander of title, and intentional infliction of emotional distress.

argues the trial court erred in ruling in Jorree's favor as to her claims for trespass, wrongful repossession, and damages. For the following reasons, we agree and reverse.[3]

Viewing the facts in the light most favorable to the trial court's ruling,[4] the record shows that in 2012, PMB filed a complaint against Jorree seeking to repossess three storage structures from her property due to nonpayment.[5] After filing the complaint, an attorney for PMB claimed service could not be made on Jorree after repeated attempts because of a gated entrance to the property and an appearance of not being home during each of these attempts. As a result, PMB sought the appointment of a special process server, which was granted. But later, PMB moved to make service by publication, claiming Jorree could not be found within the county

---

[3] Oral argument was held on August 5, 2025, and is archived on this Court's website. *See* Court of Appeals of the State of Georgia, Oral Argument, Case No. A25A1257 (Aug. 5, 2025), *available at* https://vimeo.com/1108913941.

[4] When reviewing a bench trial, we "view the evidence in the light most favorable to the trial court's rulings, defer to the trial court's credibility judgments, and will not set aside the trial court's factual findings unless they are clearly erroneous." *Sitterli v. Csachi*, 344 Ga. App. 671, 671 (811 SE2d 454) (2018) (punctuation omitted).

[5] It is undisputed that Jorree was not a party to the rental agreement (her husband being the signatory), but she was included as a defendant because she owned the real property on which the units sat.

or that she was avoiding service. The court granted the motion for service by publication.

Jorree failed to answer the complaint, and PMB moved for default judgment, which was granted by the magistrate court. PMB then applied for and was granted a writ of possession for the structures on Jorree's property. That same month, PMB enforced the writ by sending four men to the property to recover three units.[6] Jorree claimed that—at some unspecified time before this enforcement action—two of the three structures were destroyed by fire. Even so, Jorree and her young child used the remaining structure—a 10 foot by 18 foot lofted barn—as their primary living space attached to two other structures.[7]

To repossess the unit, the men cut a lock on the gate to the property, and Jorree arrived home shortly before the men tore the unit apart from the other structures to which it was attached. The men removed personal items from the unit and placed them in the yard or under a shed; but some items broke as they were removed from

---

[6] Two sheriff's deputies and an attorney representing PMB were also on the scene.

[7] Jorree's husband added plumbing, electrical wiring, insulation, and other improvements to the structure to make it a habitable space—though it was not supposed to be used this way.

the structure. Then, while attempting to place the unit on the back of a tow truck, the attached structure collapsed and destroyed some of Jorree's personal property. Other personal property—including jewelry and family heirlooms—were located inside a makeshift attic, and those items disappeared because they were still inside the removed structure. Finally, a piece of equipment used for the removal backed into a pin containing livestock that Jorree bred and sold for income, and sheep, goats, and guinea birds escaped as a result.

One year after the writ of possession was issued, Jorree filed a motion to set aside the default judgment entered by the magistrate court because she claimed service of process was never perfected. She also asserted counterclaims for trespass, wrongful repossession, conversion, negligent misrepresentation, slander of title, and intentional infliction of emotional distress. The magistrate court denied the motion, which led to a prior appeal in which we vacated the denial and directed that court to consider the merits of Jorree's motion.[8] Later, on remand, the magistrate court vacated its earlier ruling, conducted a hearing (at which PMB failed to appear), granted the motion to

---

[8] *See Jorree v. PMB Rentals, LLC*, 349 Ga. App. 33 (825 SE2d 817) (2019).

set aside the default judgment,[9] and transferred the case to the superior court because of Jorree's counterclaims. In superior court, PMB requested that the court confirm the issuance of its writ, and Jorree requested rulings in her favor on the counterclaims. Following a bench trial, judgment was entered in Jorree's favor as to two of her counterclaims.[10] This appeal by PMB follows.

Before reaching PMB's claims of error, we must briefly address Jorree's contention that the superior court correctly ruled in her favor because the writ of possession was void *ab initio* due to the magistrate court's lack of personal jurisdiction from insufficient service of process.[11] But Jorree—who is represented on appeal but appeared *pro se* at the bench trial—never argued the writ was void *ab initio* below;[12]

---

[9] The magistrate court granted the motion to set aside the default judgment based on a lack of personal jurisdiction over Jorree.

[10] PMB does *not* appeal from the superior court's judgment denying its claims against Jorree as a matter of law based on a lack of privity of contract.

[11] PMB did not challenge the magistrate court's finding of insufficient service of process below.

[12] Curiously, PMB did not mention this in a reply brief (which it chose not to file) or at oral argument. Jorree had legal counsel when she filed her counterclaims in the magistrate court, and she included lack of personal jurisdiction as one of *her defenses* to PMB's action—though she did not assert that the writ was void *ab initio*. Then, perhaps because Jorree's counsel withdrew and she acted *pro se* at the bench trial, a void *ab initio* argument never appears to have been made before the superior

and as a result, we will not affirm under a "right for any reason" analysis.[13] We turn now to PMB's enumerations of error.

1. PMB maintains the trial court erred by entering judgment for Jorree on her claims for trespass and wrongful repossession when, as a matter of law, it cannot be liable because it executed the writ of possession under color of law.

Once again, the superior court neither considered nor concluded whether the writ of possession was void *ab initio*. It determined that—regardless of whether the writ of possession was valid—PMB failed to exercise due care when removing the lofted barn unit from Jorree's property, resulting in damage to her personal property and making PMB liable for trespass. As to wrongful repossession, the superior court held that Jorree established this claim because of PMB's "wanton disregard to the consequences of its actions," which "resulted in damages." But PMB is correct

court in response to PMB's assertion that it acted under color of law.

[13] *See Ga.-Pac., LLC v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013) (explaining that a "grant of summary judgment must be affirmed if it is right for any reason, whether stated or unstated in the trial court's order, so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond" (punctuation and emphasis omitted)); *Maynard v. Snapchat, Inc.*, 346 Ga. App. 131, 137 (2) (816 SE2d 77, 82 (2018) ("[T]he tenant that the appellate courts do not rule on issues not ruled on by the trial courts preserves the appellate courts' jurisdiction and delineates the proper roles of the courts." (punctuation omitted)).

that—under our holding in *Fennelly v. Lyons*[14]—it cannot be held liable for wrongful repossession or trespass because it executed the writ of possession in compliance with the law.

In *Fennelly*, we explained that if a landlord evicts a tenant "without first filing a dispossessory action and obtaining a writ of possession, or without following the dispossessory procedures for handling the tenant's personal property, the landlord can be held liable for wrongful eviction and trespass."[15] On the other hand, a landlord who "obtains a writ of possession and follows all of the legal requirements for executing that writ may not be held liable in tort for those lawful actions on the sole basis that the writ was later vacated."[16] Of course, this case does not concern a writ of possession

---

[14] 333 Ga. App. 96 (775 SE2d 587) (2015).

[15] *Id.* at 101 (2) (punctuation omitted); *accord Ikomoni v. Exec. Asset Mgmt., LLC*, 309 Ga. App. 81, 84 (2) (709 SE2d 282) (2011).

[16] *Fennelly*, 333 Ga. App. at 105 (2) (emphasis omitted); *see Munoz v. MacMillan*, 195 CalApp4th 648, 653 (2011) ("A landlord evicting a tenant pursuant to a writ of possession cannot be held liable for damages under the principles governing actions for forcible entry and detainer, even if the writ of possession is subsequently deemed invalid . . . ." (punctuation omitted)); *Glass v. Najafi*, 78 CalApp4th 45, 51 (2) (2000) (holding that liability should not be imposed on parties who rely on a court order, which is ultimately determined to have been erroneously issued as a result of legal error).

between a landlord and tenant but a writ issued under OCGA § 44-14-231.[17] Even so, we see no reason to apply a different rule here.

PMB obtained a writ of possession as to three structures located on Jorree's property, and it removed the one remaining structure in compliance with that writ. So, although it is regrettable that Jorree's personal property was damaged while PMB attempted to detach the unit from another structure (to which Jorree's husband had attached it in violation of the rental agreement), PMB cannot be held liable for wrongful possession and trespass under these circumstances.

Significantly, the cases relied on by the superior court in reaching its conclusion concerned landlords who failed to follow the rules for the handling of a tenant's personal property during the execution and levy for eviction from *real property* owned

---

[17] *See* OCGA § 44-14-231 ("Upon a statement of the facts under oath, any person holding a security interest on personal property and wishing to foreclose the security interest may petition, by affidavit, either in person or by his or her agent or attorney in fact or at law, for a writ of possession. . . ."); *see also* OCGA § 44-14-236 ("Whenever a writ of possession is granted pursuant to a petition filed in accordance with Code Section 44-14-231, a levy may be made on the secured property by the sheriff, the deputy, the marshal, the constable, or a duly qualified levying officer of the court pursuant to the writ of possession. At the option of the plaintiff, the sheriff, the deputy, the marshal, the constable, or a duly qualified levying officer of the court shall either surrender the secured property to the plaintiff for retention or disposition in accordance with Article 9 of Title 11 or shall advertise and sell the same as in the case of levy and sale under execution.").

by the landlord[18]—or are otherwise inapposite.[19] Indeed, none of the cases relied on by the court foreclose the applicability of *Fennelly* to these facts. And we reject Jorree's assertion that *Fennelly* is inapplicable in the face of *McDougal v. Dougherty*,[20]

---

[18] *See* OCGA § 44-7-55 (c) ("Any writ of possession issued pursuant to this article shall *authorize the removal of the tenant or his or her personal property or both from the premises and permit the placement of such personal property on some portion of the landlord's property or on other property as may be designated by the landlord and as may be approved by the executing officer*; provided, however, that the landlord shall not be a bailee of such personal property and shall owe no duty to the tenant regarding such personal property. After execution of the writ, such property shall be regarded as abandoned." (emphasis supplied)).

[19] *See Higgins v. Benny's Venture, Inc.*, 309 Ga. App. 102, 103-04 (709 SE2d 287) (2011) (affirming judgment for tenant when landlord refused to return tenant's personal property that was left on landlord's premises at the direction of law enforcement until tenant could return to retrieve the personal property); *Parris Props., LLC v. Nichols*, 305 Ga. App. 734, 745 (2) (700 SE2d 848) (2010) (explaining that "while a landowner may have the *common law right* to remove the *personal property of others left on his land* without his consent, the landowner still must use due care in removing the property" (emphasis supplied)); *Washington v. Harrison*, 299 Ga. App. 335, 338-39 (1) (682 SE2d 679) (2009) (affirming judgment for personal property owner when real property owners failed to follow statutory requirement for the handling of personal property when executing writ of possession); *Whisenhunt v. Allen Parker Co.*, 119 Ga. App. 813, 818-19 (4) (168 SE2d 827) (1969) (explaining defendants could be liable for torts related to destruction of plaintiff's personal property when defendants operated without a writ but under law permitting retrieval of collateral "without judicial process if this can be done without breach of the peace or may proceed by action").

[20] 12 Ga. 613, 614 (1853).

in which our Supreme Court allowed a claim of trespass to proceed when execution was made on *the wrong person's property*,[21] or *Davis v. Hybrid Industries, Inc.*,[22] the precedential utility of which we repudiated in *Fennelly*.[23] As a result, the court erred as a matter of law in entering judgment for Jorree on her claims for trespass and wrongful repossession.

2. Finally, PMB argues the trial court erred in awarding Jorree damages in the amount of $80,549 when the evidence was insufficient as to this amount. And because PMB cannot be held liable for trespass or wrongful repossession, as explained above, we likewise reverse the trial court's award of monetary damages.

For all these reasons, the trial court's judgment is reversed.

*Judgment reversed. Mercier, J., and Senior Judge C. Andrew Fuller, concur.*

---

[21] *Id.* at 614-15 (2).

[22] 142 Ga. App. 722 (1977).

[23] 333 Ga. App. at 104 (2) (explaining that the division relied on was "entirely bereft of any reasoning or citation to authority, and therefore is of little (if any) precedential value" when the opinion did "not even identify the nature of the claim of error that [the division] was apparently intended to resolve").